IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EVA BOWEN, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-01726-E |
| | § | |
| BELLATORRA SKIN CARE LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Set Aside Settlement Agreement (Doc. 17). After carefully considering the motion, response, reply, the applicable law, as well as the record and the evidence presented at the hearing on the motion, the Court **GRANTS** the motion.

In July 2018, Plaintiffs Eva Bowen, Martin Montoya, and Mohammed Tazi brought this Fair Labor Standards Act action against their former employer Bellatorra Skin Care LLC. In March of 2019, Plaintiffs advised the Court that the parties had settled. The parties signed a Release and Settlement Agreement in late April 2019. Under the terms of the agreement, Defendant was to pay Plaintiffs in four monthly installments. The first installment was due on May 1, 2019. Defendant never made the first payment and defaulted on May 1, 2019.

Plaintiffs seek to set the settlement agreement aside on grounds of fraud. As of the Court's January 22, 2020 hearing on Plaintiffs' motion, Defendant had not made any payments under the agreement. Plaintiffs assert Defendant never intended to pay. They assert Defendant's representation that it would pay the settlement amount was false and made to induce Plaintiffs to sign the agreement. They contend they relied upon Defendant's representation and were injured because they settled their claims.

In response, Defendant asks the Court to deny Plaintiffs' request to set aside the settlement agreement. Defendant asserts Plaintiffs have no evidence of fraud and that the parties' settlement agreement provides a remedy to Plaintiffs in the event of default—the entry of an Agreed Judgment.

In general, Texas law treats a settlement agreement as a contract, and courts typically analyze an agreement's enforceability following contract law. *Dunbar Med. Sys. Inc. v. Gammex Inc.*, 216 F.3d 441, 452 (5th Cir. 2000). A court may set aside a settlement agreement induced by fraud. *In re Deepwater Horizon*, 786 F.3d 344, 363 (5th Cir. 2015). To show they were fraudulently induced into the settlement, Plaintiffs must show: (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the representation was made with the intention that it be acted upon by the other party; (5) the other party acted in reliance upon the representation; and (6) the party suffered injury. *Id.* at 363–64; *Dunbar Med. Sys.*, 216 F.3d at 453. Courts may rely on circumstantial evidence to establish fraudulent intent. *See Arete Partners, L.P. v. Gunnerman*, 594 F.3d 390, 394–95 (5th Cir. 2010) ("a party's intent may be inferred by the party's subsequent acts following the representation").

Here, Defendant entered into the settlement agreement with Plaintiffs in late April 2019. Some of the parties signed the agreement on April 23, 2019, and some signed on April 24, 2019. Defendant's president, Nathan Halsey, signed on behalf of Defendant. There is no date next to his signature, but at the hearing on the motion, he testified that he signed the agreement on April 23rd.

The first settlement installment was due on May 1, 2019. Defendant could not make the payment. Halsey indicated that the company had no cash in the bank when he entered into the agreement on Defendant's behalf. Defendant sells skin care products. Sales of its products had stopped. Halsey testified that when he signed the agreement, he was expecting sales to resume in China, and he believed he could make the payments. Halsey further testified he never made any representation he believed was false. Sales did not start in China, and Defendant has no money to pay Plaintiffs.

The Court finds the elements of fraud in this case. The only element in dispute is the issue of fraudulent intent. Eight days after Defendant's president signed the agreement promising to make installment payments to Plaintiffs, Defendant was unable to make the first payment. To date, it has not made any payments. At a minimum, Defendant was reckless in making the representation that it would pay Plaintiffs in installments beginning May 1, 2019, as provided in the agreement, and made the representation without knowledge of its truth. Accordingly, the Court determines that it is appropriate to set aside the parties' agreement. The Court **GRANTS** Plaintiffs' Motion to Set Aside Settlement Agreement.

Also before the Court is Plaintiffs' Motion for Leave to File an Amended Complaint (Doc. 21). They seek leave to amend their complaint to add Halsey as a defendant. Defendant has not filed a response specific to the motion for leave to amend. In its response to the motion to set aside the settlement agreement, Defendant argues that Plaintiffs' attempt to name Halsey individually is prohibited by the terms of the settlement agreement. But the Court has set aside that agreement. The Court **GRANTS** the motion for leave. *See* FED. R. CIV. P. 15(a)(2); *SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n*, 881 F.3d 933, 944–45 (5th Cir. 2018)

(five considerations in determining whether to grant party leave to amend). The Court directs the Clerk of the Court to file Plaintiffs' First Amended Complaint, which was attached to their motion for leave.

**SO ORDERED.**

Signed on February 19, 2020.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE